Austin *v.* Bingham et al.

CALVIN P. AUSTIN *v.* ALONZO L. BINGHAM AND WILLIAM
MILLER.

*Evidence. Practice.*

In an action against a principal and surety on a note, the defence being pay-
ment by the principal, the plaintiff was allowed to show that at a former
trial the defendants had suffered a silent judgment to be entered against
them, and had taken a review. To rebut any presumption against the hon-
esty of their defence, arising from this evidence, and for no other purpose,
the defendants were allowed to prove that when the action was first com-
menced, the principal informed the surety that he had paid the note; that
they had acted upon this supposition from that time, and that the surety had
employed counsel, and had attended personally in court to defend the suit,
and that all this was known to the plaintiff: *Held,* that this testimony, thus
limited by the court in its purpose and effect, was properly admitted.

Fair inferences from evidence, founded upon the natural course of business,
and of human experience, are as much evidence as the principal facts from
which these deductions flow; and as such may properly be suggested by the
court in their charge to the jury.

The defendants, in an action on a note, claimed to have paid the whole of it
before suit, except a trifling sum, but this claim was disputed by the plain-
tiff, who, after the testimony was closed, offered, if the jury should be

against him on this point, to allow a verdict to be rendered against him, and requested the court so to instruct the jury: *Held*, that the court were not bound to accept this offer, or so to charge the jury.

ASSUMPSIT upon a promissory note for eleven hundred dollars, dated January 1st, 1850, signed by the defendants and payable to the order of L. G. Bingham, in one year from date, and by him indorsed to the plaintiff. Plea, the general issue, and trial by jury, at the June Term, 1858.

It appeared that Miller was a surety upon the note, and the action was defended upon the ground of payment of the note by the defendant Bingham, who testified in substance, that on or about the 30th of January 1852, he paid to the plaintiff at the bank in Orwell, the sum of eleven hundred and seventy dollars and fifty cents to apply on this note, supposing that to be the amount then due on it, and that upon the payment of the money, he made an entry of such payment on his memorandum book, giving the day of the month and the year when the payment was made; that the note was not then present, and that the plaintiff told this defendant, that he would look over and see that all was right, and if it was he would send him the note.

The plaintiff testified that he had never received any money to apply on this note, and had not in fact, as he believed, received any money from the defendant Bingham within a year or more of the time of the alleged payment; that whatever money he had at any time received of Bingham, had been applied as agreed between them; that he did not know that Bingham had ever claimed of him that there had been any misapplication of the money which he claimed to have paid upon this note; that he kept a cash book, and that he had no entry of any cash received of Bingham on or about the 30th of January, 1852.

It appeared on the trial that there had been other dealings between Austin and Bingham to a considerable amount, and that Austin had received payment upon another eleven hundred dollar note, but when it was paid and by whom, the plaintiff was not able to state; but he did state that that note was given up at the time.

The testimony tended to show on the part of the defendants, that there had been no attempt to enforce the payment of this note

until the present suit was commenced, and no measures whatever taken by Austin to obtain payment of this note after the 30th day of January, 1852, till this suit was brought,

The plaintiff put the case upon the ground that the eleven hundred and seventy dollars and fifty cents were never paid, and claimed that the present defence was unfounded, and had been quite recently concocted by the defendants; and among the evidence relied upon by the plaintiff, he was permitted to show that at a former term of this court, the defendants consented that a silent judgment should be given for the plaintiff for the amount of the note, and took a review; and to rebut such implication, the defendants were permitted to show that when the suit was first commenced, Bingham, the principal, told Miller that the note was paid, and that they acted upon that supposition from that time, and that Miller employed counsel at his own expense, and attended the court personally from term to term to make defence, and that this was known to the plaintiff. The plaintiff objected to the defendant's proving what Bingham told Miller about the note's being paid, but the testimony was admitted, only for the purpose above stated and in connection with the other testimony, and to its admission the plaintiff excepted.

After the testimony was closed, the plaintiff offered and proposed to the court, that if the jury should find that the eleven hundred and seventy dollars and fifty cents were paid to be applied upon this note, they should render a verdict for the defendants, though there would still be a small balance due upon the note, and requested the court so to instruct the jury, to which the defendant's counsel protested and objected.

The court left it to the jury to find from the evidence whether the eleven hundred and seventy dollars and fifty cents were paid by Bingham to Austin, to be applied by his direction on the note in question, and in the course of the charge observed that they would undoubtedly find that one of three things were true; either that the money was not paid at all, or if paid, that it was by mistake not entered by Austin on his cash account, and that he had not in fact made any application of the money; or that the money, if paid, had been applied by Austin to some other demand, rather than the one in suit. And the court told the jury, that if

they found that eleven hundred and seventy dollars and fifty cents had been paid on this note as stated by Bingham in his testimony, it was the right of the defendants to have it applied upon that note.

The jury were also instructed, notwithstanding the request of the plaintiff (inasmuch as the defendants insisted that the verdict should be according to the allegations and proofs), that though they found that the eleven hundred and seventy dollars and fifty cents were paid to be applied on this note, yet they should return a verdict for the plaintiff for the balance that might remain due on this note, and the jury accordingly returned a verdict for the plaintiff for a fraction of a dollar; and the plaintiff excepted to the charge of the court.

*Briggs & Nicholson* and *E. J. Phelps*, for the plaintiff.

*Roberts & Chittenden* and *Linsley & Prout*, for the defendants.

REDFIELD, Ch. J. I. It is objected to the trial, that Miller was permitted to state that Bingham had told him that the note was paid, soon after the the suit was commenced and before the silent judgment and review, as we suppose. As general evidence of the fact of payment, this was clearly incompetent. But as the court permitted the plaintiff to prove the fact of the defendant's having once suffered the judgment and review, as tending to establish his theory of the defence, that it had been conceived altogether after that time, which is certainly very questionable evidence that the defendants' did not then consider that they had any defence to the note, we do not see any well founded objection to showing, on the part of the defendants, that the principal had informed the surety that the note was paid, and that, acting upon that information, the defendants both intended to make defence from the first. And the testimony seems to have been admitted for no other purpose, and we can only infer that this purpose was made known to the counsel and the jury at the time the testimony was admitted. If so, there was no need of alluding to it in the charge to the jury, unless some other use was attempted to be made of the evidence in the argument. And as no exception is taken to the charge on this point, we may, and must in law, presume it

was satisfactory to the plaintiff, and that if the point had been again brought to the attention of the court in their charge, they would have repeated their former views.

This fact of Bingham having told Miller that he had paid the note, seems to have been communicated by Miller to the plaintiff, and probably enough, before the silent judgment and review, and if so, tends not only to show that the defendants, at that time, intended to make defence to the action, but that this was so understood by the plaintiff. We could not then regard the admission of this evidence, with the restriction under which it went to the jury, as error.

It is no doubt true that if improper evidence has been admitted on one side, either with or without objection, the court may still decline to hear evidence upon the other side in answer to it, and very likely it might be error to admit incompetent evidence generally, in the action, although it might have some tendency to rebut incompetent evidence already admitted. But if admitted for no other purpose, and allowed to have no other influence in the trial, we could not regard it as error.

II. The suggestion of the court to the jury, in regard to the view they might probably take of the evidence, or the mode in which it would probably affect their minds, is not unusual or objectionable, and is not regulated by any definite rules of law. We do not perceive, in the present case, that these suggestions were not fairly justified by the evidence in the case. The plaintiff had told Miller that the money, paid in fact by Bingham, was to apply, and had been applied, in another mode, and the jury might possibly have believed this statement in regard to the fact of the application, and not been satisfied with his recollection or understanding of the directions given in regard to the application at the time the money was paid. And if there had been no direct evidence upon the point, the three points made by the judge in presenting the results of the evidence are so natural and obvious, as applicable to such a transaction, that we could not regard it as a charge to find facts without evidence. The fair inferences, from evidence founded upon the natural course of business and of human experience, are as much evidence as the principal facts from which the deductions flow.

III. In regard to the offer of the plaintiff, if the jury were against him as to the fact of the payment by the defendant, to waive the small balance in his favor, and submit to a verdict for the defendant, we do not consider the court bound in law, to adopt it. Perhaps it might have been regarded as improper in them to have done so. The least which would entitle the plaintiff to such a result, was to treat so much of his claim as cancelled, and to put it in some shape where it could not be recovered at pleasure. If this had been done, although upon trial and for the purpose of having his review, we don't see how the defendant, under the decisions in this Sate, could have objected to it. And a verdict for that sum, thus discharged, at any subsequent term, would probably have been erroneous. But a mere offer, for the present trial, is not one which the court were bound in law to accept and act upon.

We think, therefore, that the judgment upon the exceptions must be affirmed.